IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-cr-30028-SMY |
| ) | |
| DANDRE R. BROWN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Defendant Dandre R. Brown pleaded guilty to four counts of bank robbery, in violation of 18 U.S.C. § 2113(a), and one count of transportation of a stolen vehicle, in violation of 18 U.S.C. §2312 (Doc. 29). He was sentenced to 240 months' imprisonment on Counts 1-5 and 120 months on Count 6, to be served concurrently (Doc. 46).

Now pending before the Court is Defendant Dandre R. Brown's motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") §1B1.10, making Amendment 821 retroactive (Doc. 90). The Government has no objection to the motion (Doc. 91).

Amendment 821 to the United States Sentencing Guidelines, related to criminal history, became effective on November 1, 2023. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Amendment 821 is retroactive, but a court may not order the release of a

defendant prior to February 1, 2024.  *See* Amendment 825 to USSG § 1B1.10, effective November 1, 2023.

When considering a retroactive Guidelines amendment, the Court must first determine a defendant's eligibility for sentence modification and what amended guideline range would have been applicable to the defendant.  If a new sentence is authorized under those conditions, the Court, in its discretion, may determine whether a lower sentence within the amended Guidelines range is warranted upon consideration of the factors listed in 18 U.S.C. § 3553(a).  *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

Here, although Brown is eligible for a sentence reduction, the Court denies his motion based upon its consideration of the factors set forth in 18 U.S.C. §3553(a).  Specifically, the Court notes the nature and circumstances surrounding Brown's offenses, including his extreme conduct in robbing six separate banks and threatening victims during the period November 2017 to January 2018.  His criminal history includes violent offenses.  And he has incurred disciplinary infractions while in BOP custody, including assault with serious injury.  These factors and the sentencing objectives of specific deterrence and protecting the public from future crimes by Brown warrant the denial of his motion for sentence reduction.

Accordingly, Brown's motion (Doc. 90) is **DENIED**.  The Court attaches its Standard Order (AO Form 247) reflecting the denial.

**IT IS SO ORDERED.**

**DATED: January 18, 2024**

**STACI M. YANDLE**
**United States District Judge**